# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| Charlisa Allen, etc., | Case No. 1:10HC60098 |
| Plaintiff, | MDL No. 1953 |
| v. | **ORDER** |
| American Capital Ltd., et al., | |
| Defendant. | |

This, the last remaining case in the "Heparin" MDL, is awaiting trial on the merits.

Pending is the plaintiff's motion to transfer the case for trial (and further pretrial proceedings) to its district of origin - the District of Arizona. (Doc. 70). The defendant Baxter Healthcare Corp. opposes the motion - principally on the basis of judicial efficiency. (Doc. 71).

For the reasons that follow, I grant the motion.

While I appreciate the confidence that the defendant has in my ability to sort through and adjudicate the issues that will arise during the pretrial and trial phases, I doubt that my past experience with the case so far gives me any more of an edge than the Judge to whom this case will be assigned on transfer to its home district.

This is principally so because the issues are straight forward – though their resolution may involve some challenging evidentiary and other issues. But they are issues, with one exception, that commonly arise in medical injury litigation: namely, did the conduct cause the death? What is uncommon – whether the decedent received Baxter Healthcare contaminated Heparin – involves issues of fact that, so far as I can tell, will, though no doubt subject to vigorous dispute, be not unlike matters of fact that routinely courts try and juries adjudicate.

I am well aware that in many MDL cases the MDL Judge handles trials. Where that has been so – where, for example, there were bellwether trials along the way– the MDL Judge does, in fact, gain useful experience that prepares the Judge for subsequent trials, if needed, on the merits.

That has not happened here: indeed, to date, there have been no trials resulting from this MDL. So I have no greater experience with a Heparin trial on the merits than the next Judge.

I am, moreover, of the view and understanding that there is no fixed and certain practice or protocol *vis-a-vis* MDL cases that give preference to, much less compels, trial by the MDL Judge, rather than a Judge in the originating court.

In this instance, most simply put, I see no advantage, or, at least, none of any significance, that would result were I to handle the trial, which should properly occur in Arizona in any event – rather than a Judge of that District.[1]

Finally, with regard to the points defendant makes in opposing transfer back, I agree with the plaintiff that it's as likely, if not more so, that the case will go to trial just as, if not more quickly before a hometown, rather than a visiting Judge.

This is so for a couple of reasons, including one that is unique to me and my circumstances. Those circumstances involve relocation from Toledo to Williamstown, Massachusetts, following a daughter and her family as they move there from Ann Arbor to be closer to our other three East Coast daughters.[2]

---

[1] Things might be different if that District still were laboring, as it did for years, with a large number of unfilled vacancies. It is my understanding that the problem no longer exists, and that judicial resources are readily at hand to take on the work that this trial of this case will involve.

[2] I will though, remain on full draw, though on Sr. Status, returning monthly to handle those things I need to do in court or otherwise in person, and otherwise work, as I primarily do now, remotely.

Even were I to remain resident in Toledo, I could not conduct a multi-week trial in Arizona without the interruptions to return to handle sentencings and other matters that a Judge can and must do in person and in court. Having to do so would mean either shorter trial weeks, or periodic adjournments – to the disadvantage of either counsel, the witnesses, and/or the jurors.

There is also the consideration that I, along with all the other District Judges of our Court, have committed to handling, for a week at a time, cases coming out of the "MARDOC" (marine asbestosis) MDL. There remain, according to my understanding, about 1500 of those antique cases remaining. It also increasingly appears likely that many will have to be tried, with a resultant call for All Hands on Deck.

In which case, candidly, my first obligation is to my home District, and to join mates in responding to that call.

So, on balance, I agree with the plaintiff that she should have her trial in her home District and in front of a Judge of that Court.[3]

It is, therefore,

ORDERED THAT plaintiff's motion to transfer this case to the District of Arizona (Doc. 70) be, and the same hereby is granted.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

[3] I remain, of course, available to whoever receives this case to provide any insight or assistance that her or she may desire, especially as that Judge gets underway following reassignment.

3